Sarah De La Rosa (SBN 021912)
M'Cori Van Ess (SBN 025797)
ZWICKER & ASSOCIATES, P.C.
2915 N. 67th Place
Scottsdale, AZ  85251
Tel:  (877) 236-4042
Fax: (480) 751-1319
sdelarosa@zwickerpc.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| **CHAD FERGUSON** | Case No. 2:10-cv-00194-MHB |
| **Plaintiff,** | ZWICKER & ASSOCIATES, P.C.'S ANSWER TO THE COMPLAINT OF CHAD FERGUSON |
| v. | |
| **ZWICKER & ASSOCIATES, P.C.** | |
| **Defendant.** | |

_____

Defendant Zwicker & Associates, P.C. ("Zwicker"), a Massachusetts law firm, hereby responds as follows to the allegations set forth in the individually-numbered paragraphs of the Complaint filed on behalf of plaintiff Chad Ferguson ("Ferguson"):

1. No response required.

2. Zwicker admits that this Court has jurisdiction over this matter.

3. Zwicker admits that this Court has personal jurisdiction over Zwicker.  Further answering, Zwicker states that it is a law firm and professional corporation organized under the laws of the Commonwealth of Massachusetts and has a principal place of business at 80 Minuteman Road, Andover, MA 01810.

4. Zwicker admits that venue is proper in this district.

5. Zwicker denies the allegations contained in this paragraph.

6. Zwicker admits the allegations contained in this paragraph.

7. Zwicker admits the allegations contained in this paragraph.

8. Zwicker admits the allegations contained in this paragraph.

9. Zwicker admits that it conducts business in the state of Arizona, but denies that it is a "national company." Further answering, Zwicker incorporates by reference its response to paragraph 3 above.

10. To the extent that Zwicker is required to admit or deny the allegations contained in this paragraph, Zwicker denies those allegations.

11. Zwicker denies the allegations contained in this paragraph

12. Zwicker denies the allegations contained in this paragraph.

13. Paragraph 13 of the Complaint states that Zwicker "failed to provide Plaintiff with a debt validation letter after one was requested by Plaintiff." That allegation mis-states the obligation of the debt collector under 15 U.S.C. § 1692g(b). The debt collector is not required to provide a "debt validation letter"; rather, the debt collector is obligated to provide "verification" of the debt. Further answering, Zwicker states as follows: Zwicker forwarded an initial letter to Ferguson immediately after Ferguson's account was placed with Zwicker, the letter stating that Zwicker is a law firm retained by its identified client to collect the debt and informing Ferguson of his right to request verification of the debt. Ferguson then sent Zwicker a letter demanding that Zwicker provide "verification of all data regarding the establishment of this tradeline, including the applicable signed origination papers that contain my signature, certification of your company's right to continue debt collection in the State of Arizona, documentation establishing your continued right to collect as well as any supporting contracts related to any debt transferal [sic] a line item debt and credit summary of the account history, or any other clear

substantiation of its origin, legal assignation that bears my signature." Ferguson's demand was frivolous: he is not entitled under 15 U.S.C. § 1692g to receive such documents in response to a request for validation of a debt. After Ferguson received the proper verification from Zwicker, in writing, he renewed his frivolous demand for documents which he has no right to obtain by way of verification. Zwicker denies all remaining allegations in this paragraph and all allegations inconsistent with the response set forth above.

14. Zwicker denies the allegations contained in this paragraph and each of its sub-paragraphs.

15. Responding to Ferguson's prayer for relief, Zwicker denies that Ferguson has suffered any damages and denies that he is entitled to any relief. Further answering, Zwicker incorporates by reference the responses to paragraphs 1 through 14 above as if fully set forth herein.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Ferguson's claims are or may be barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

If any violation of any applicable law occurred, which Zwicker denies, such violation was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### FOURTH AFFIRMATIVE DEFENSE

If Ferguson has incurred any harm or damages, which Zwicker denies, such harm or damage was caused by Ferguson himself or by other persons for whose conduct Zwicker is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

If Ferguson has incurred any harm or damages, he has failed to take reasonable action to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Ferguson has waived his claims.

### SEVENTH AFFIRMATIVE DEFENSE

Ferguson is estopped from asserting his claims.

### EIGHTH AFFIRMATIVE DEFENSE

As of this time, Zwicker has not yet had the opportunity to discover facts relevant to Ferguson's claims or as to other potential defenses to those claims. On that basis, Zwicker reserves its right to seek to amend to assert additional defenses.

WHEREFORE, Zwicker respectfully requests that this Court

1. Enter judgment in Zwicker's favor as to all of Ferguson's claims;

2. Award Zwicker its attorneys fees and costs incurred in defending this action; and

3. Award Zwicker such other and further relief as this Court may deem just and proper.

Dated: March 1, 2010                              ZWICKER & ASSOCIATES, P.C.

                                                  By:/s/ Sarah De La Rosa
                                                     Sarah De La Rosa